## LOYD *v.* LANCASTER, receiver. (Two cases.)

SIMMONS, C. J. Where an equitable petition was filed and an injunction and receiver applied for to protect and preserve the property mentioned in the petition, and the court granted a temporary restraining order until the hearing, and appointed a temporary receiver until further order of the court, and where at the hearing plaintiffs amended their petition so as to pray for the appointment of trustees to take charge of the property in accordance with the terms of a trust deed under which it was held (the original trustees having died), and this prayer was granted and trustees appointed and the temporary receiver ordered to turn the property over to them, and no other or further order was granted concerning the injunction or the appointment of a receiver, this last order vacated and abrogated the first order granting the restraining order and appointing the temporary receiver. It was therefore error to attach and punish the defendant for a contempt for interfering with the receiver in the control of the property after the trustees had been appointed and the receiver thereby removed.

*Judgment in each case reversed. By five Justices.*

Argued January 20, — Decided February 9, 1903. Rehearing denied February 28, 1903.

Attachment for contempt. Before Judge Reagan. Monroe superior court. December 23, 29, 1902.

In a petition against Loyd and others it was prayed that the defendant be enjoined from using or interfering with certain prop-

erty until the further order of the court, and that "as there are
no trustees to hold and control said property, J. F. Lancaster, or
some other fit person, be appointed receiver for the same, to con-
trol said property and operate as in his judgment may seem best
for the school on the same, as in the trust is intended, until the
court can appoint such discreet and proper trustees for the man-
agement of said property as to the court may seem meet and
proper." The property in question consisted of two buildings, one
a dormitory and the other a schoolhouse, which were occupied by
Loyd. The court passed an order requiring defendants to show
cause at a stated time why the prayers of the petition should not
be granted, and, in the meantime and until the hearing, enjoining
the defendants as prayed for, appointing J. F. Lancaster tempo-
rary receiver to hold and preserve the property until further order
of the court, and directing the defendants to turn over to the
temporary receiver the property described in the petition. After-
wards the court passed an order that the order appointing a tem-
porary receiver be modified "so that the temporary receiver is di-
rected to allow the defendant Loyd to remain in possession of said
property and teach school therein until the further order of this
court." Finally the court passed an order as follows : "Upon con-
sidering the within case, it is ordered that the following persons be
and they are hereby appointed trustees to take charge of the prop-
erty described in the petition, to wit, [naming them], hold and
preserve the same for the purposes set forth in the original deed of
trust, rent out the same for school purposes if necessary ; and it is
further ordered that the temporary receiver, J. F. Lancaster, turn
over to said trustees the property in controversy." Loyd then
brought the case to the Supreme Court. 116 *Ga.* 728. Lancas-
ter, as receiver, afterwards filed a petition to the judge of the supe-
rior court, in which he alleged that Loyd continued in possession
of the dormitory and of the public hall on the second floor of the
school building, and refused to deliver possession of the same when
demanded by the petitioner as receiver, and that this was a viola-
tion of the order of the court; and he prayed that Loyd be re-
quired to show cause why he should not be punished for contempt.
In answer to the rule to show cause, Loyd contended that the
plaintiffs in the original petition, by an amendment asking for the
appointment of trustees, virtually abandoned their prayers for in-

junction and receiver, and that, under the final order of the court, there was no injunction or receiver. The court, after hearing the case, adjudged that the order appointing a temporary receiver and granting a temporary injunction, and the order modifying the same, were still of force ; that it was the duty of the defendant to turn over to the receiver the property mentioned in the petition, and the duty of the receiver to keep the same until the further order of the court ; that the defendant be allowed to teach school in the schoolroom on the first floor of the school building, and to occupy the dormitory as a residence, until the further order of the court, and that he surrender possession of the hall of the school building to the receiver; and that on compliance with this order the defendant be acquitted and discharged. Loyd filed a bill of exceptions complaining of this judgment. Afterwards Lancaster, as receiver, filed a petition alleging that Loyd had disobeyed the order of the court, in removing benches and other articles from the hall of the school building, and praying that he be punished for contempt. Loyd filed an answer, and the court, after hearing the the case, passed an order adjudging Loyd guilty of contempt, directing that he be imprisoned in jail for ten days, and providing that he be discharged from imprisonment on payment of fifty dollars to the sheriff. To this judgment also Loyd excepted.

*Cabaniss & Willingham* and *Persons & Persons*, for plaintiff in error. *R. L. Berner* and *J. B. Williamson*, contra.